# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TODD A. FOX, )<br>)<br>          **Plaintiff,** )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL,[1] )<br>**Acting Commissioner of Social Security,** )<br>)<br>          **Defendant.** )<br>_____ ) | **CIVIL ACTION**<br><br>No. 14-4111-JWL |

## MEMORANDUM AND ORDER

This matter is before the court on a motion for approval of an attorney fee (Doc. 28) pursuant to the Social Security Act, 42 U.S.C. § 406(b). The Acting Commissioner of the Social Security Administration (hereinafter Commissioner) does not object to award of the fee requested. The court GRANTS Plaintiff's motion, approving a fee in the amount of $15,230.75 pursuant to the Social Security Act.

**I.    Legal Standard**

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to

---

[1] On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee. Where there is a contingency-fee agreement between plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate. Id.

2

Statute provides that when attorney fees are awarded under the Equal Access to Justice Act (28 U.S.C. § 2412(d)) (EAJA) and under § 206(b) of the Social Security Act (42. U.S.C. § 406(b)) for the same work, "the claimant's attorney refunds to the claimant the amount of the smaller fee." Pub. L. 99-80, § 3, 99 Stat. 186 (1985).

## II. Discussion

Here, Plaintiff's attorney provided a statement of the time expended on plaintiff's case, showing 49.5 hours of work representing plaintiff before this court since November 4, 2014. (Doc. 29, Attach. 1, pp.9-10). Counsel noted that an attorney fee of $7,000.00 was awarded pursuant to the EAJA, that her agreement with Plaintiff anticipated a fee of 25% of past-due benefits as allowed by the Social Security Act, and that the Commissioner had withheld $15,230.75 (25% of the past-due benefits) from her award to Plaintiff, to apply to payment of counsel's fee. Counsel requests an award of the portion of past-due benefits withheld by the Commissioner as a fee, and recognizes that she must also refund the $7,000.00 EAJA fee award to Plaintiff.

The Commissioner responded to Plaintiff's motion, noting that she has no objection to payment of the fee and asking that the court order counsel to refund the EAJA fee to Plaintiff. (Doc. 30)

The court finds an attorney fee of $15,230.75 to be reasonable in the circumstances of this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an attorney fee of $15,230.75 pursuant to § 206(b) of the Social Security Act (Doc. 28) is GRANTED.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 406(b)(1) the Commissioner shall pay plaintiff's counsel the sum of $15,230.75 from Plaintiff's past-due benefits. Because the amount awarded as an attorney fee under the EAJA was less than the amount awarded under the Social Security Act, the EAJA attorney fee award totaling $7,000.00, currently held by plaintiff's counsel, Ms. Yvonne Marie Ernzen, shall be refunded to plaintiff.

Dated this 11th day of October 2017, at Kansas City, Kansas.

    s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**